UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PACKAGE DEPO, LLC,<br><br>　　　　　　　Defendant. | Case No. 5:23-cv-01540-SSS-SHKx<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [Dkt. 16]** |

Before the Court is Plaintiff Christopher Sadowski's motion for entry of default judgment against Defendant Package Depot, LLC. [Mot. (Dkt. 16)]. No opposition has been filed. The motion was taken under submission without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.

The motion is **GRANTED**. The parties and Clerk of Court are directed to Part IV for further instructions.

## I. BACKGROUND

Plaintiff is a professional photographer and author of a photograph entitled "041320usps16CS" (the "Photo"). The Photo depicts several United States Postal Service trucks parked in an outdoor lot. The Photo was registered by Plaintiff with the Register of Copyrights on July 2, 2020 and assigned Registration No. VA 2-212-895. [Compl. (Dkt. 1) at ¶ 13; Exh. A to Compl.].

Defendant is a company that offers shipping, packing, printing, and document services. Plaintiff alleges that since at least September 1, 2020, Defendant has used the Photo as a background to advertisements for its services posted on Facebook. [Compl. at ¶ 17; Exh. B to Compl.]. Plaintiff discovered Defendant's infringing use on January 25, 2023. Plaintiff maintains that he has never licensed the Photo to Defendant or consented to Defendant's use of the Photo for any purpose. [Compl. at ¶¶ 19-21].

Plaintiff alleges that, after he discovered Defendant's unauthorized use of the Photo, he contacted Defendant via email on seven separate occasions to demand that Defendant remove the Photo from its Facebook page. Defendant did not respond. [Compl. at ¶ 31].

Plaintiff now brings one cause of action for willful copyright infringement under 17 U.S.C. § 501. He seeks statutory damages, *see* 17 U.S.C. § 504(c) and permanent injunctive relief restraining Defendant from continuing its infringing use of Plaintiff's copyrighted work. [Compl. at ¶¶ 33-36; Mot. at

19-22]. Plaintiff also requests leave to file a motion for attorney's fees and/or application for costs.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes a district court to grant default judgment after the Clerk enters default pursuant Rule 55(a). *See PepsiCo, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). Once default has been entered, the factual allegations in the complaint, except those concerning damages, are taken as true and deemed admitted by the nonresponding party. Fed. R. Civ. P. 8(b)(6); *Garamendi v. Henin*, 683 F.3d 1069, 1080 (9th Cir. 2012).

Default judgment is not automatic upon the Clerk's entry of default; it is instead left to the sound discretion of the court. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The Ninth Circuit has set forth seven factors, referred to as the "*Eitel* factors," for courts to consider in deciding whether to enter default judgment:

(1) the possibility of prejudice to the plaintiff absent default judgment;

(2) the merits of plaintiff's substantive claim;

(3) the sufficiency of the complaint;

(4) the sum of money at stake in the action;

(5) the possibility of a dispute concerning material facts;

(6) whether the default was due to defendants' excusable neglect, and

(7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72. "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

## III. DISCUSSION

A. **Service and Entry of Default**

Before reaching the *Eitel* factors, the district court must first ensure that all procedural prerequisites to default are satisfied. Here, the Court notes that Defendant was appropriately served and proof of service has been provided. [Dkt. 8]; *see* Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1); Cal. Code Civ. P. 415.20(a). The Clerk has entered default against Defendant as required by Rule 55(b)(2). [Dkt. 10]. Plaintiff's motion is therefore properly before the Court.

**B.  *Eitel* Factors**

    **i.  Possibility of Prejudice to the Plaintiff**

The first *Eitel* factor requires the Court to consider whether withholding default judgment would leave the plaintiff with no other "recourse for recovery" for the harm it has suffered. *Phillip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Without a default judgment, Plaintiff here has no means by which to address the continued infringement of his copyright or recover damages for past infringement. This factor weighs in favor of granting default judgment.

    **ii.  Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint**

The second and third *Eitel* factors address whether the plaintiff has set forth viable claims and pled sufficient facts to support them. 782 F.2d at 1471; *PepsiCo*, 238 F. Supp. 2d at 1175 (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)) ("The Ninth Circuit has suggested that these two factors require that a plaintiff state a claim on which [they] may recover.") "Claims [that] are legally insufficient…are not established by default." *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1267 (9th Cir. 1992) (internal citations omitted).

Plaintiff brings one cause of action for infringement of his copyright under 17 U.S.C § 501. To prevail on this claim, Plaintiff must establish that Defendant violated his exclusive rights as the copyright owner as provided by

17 U.S.C. § 106. Plaintiff asserts his exclusive right of reproduction and distribution of the Photo was violated by the Defendant pursuant to 17 U.S.C. § 501(a). *See* 17 U.S.C. §§ 501(1) & 501(3).

Plaintiff alleges that: (1) Plaintiff is the copyright owners of exclusive rights under copyright law of the copyrighted Photo [Compl. at ¶ 26]; (2) Defendant, without the permission or consent of Plaintiff, has used, and continues to use, Plaintiff's Photo in its online advertisements [Compl. at ¶¶ 28, 29]; and (3) the acts of infringement have been willful and intentional, in disregard of and indifference to Plaintiff's rights [Compl. at ¶¶ 30, 31]. Such allegations set forth the elements necessary to satisfy Plaintiff's copyright infringement cause of action. Accordingly, the second and third factors favor entry of default judgment against Defendant. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

### iii. Sum of Money at Stake in the Action

Under the fourth *Eitel* factor, the Court must balance "the amount of money at stake in relation to the seriousness of defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. "This requires that the Court assess whether the recovery sought is proportional to the harm caused by the…conduct." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

Here, Plaintiff seeks damages, costs, and fees as contemplated under the applicable statutory provisions. *See* 17 U.S.C. §§ 504 and 505. Thus, this factor favors granting default judgment as well.

### iv. Possibility of a Dispute Concerning Material Facts

"The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case." *PepsiCo.*, 238 F. Supp. 2d at 1177. When a plaintiff has "supported its claims with ample evidence, defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes

exist that preclude the entry of default judgment." *Landstar Ranger*, 725 F. Supp. 2d at 922; *see also Elektra Entertainment Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").

In this case, Plaintiff filed a well-pleaded complaint alleging the elements necessary to prevail on his sole cause of action. Subsequently, the court clerk entered default judgment against Defendant. Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.

This factor therefore indicates the propriety of entry of default judgment.

### v.  Whether the Default was Due to Excusable Neglect

Under the sixth *Eitel* factor, the Court considers the issue of excusable neglect. "The determination of what conduct constitutes 'excusable neglect'… is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011) (citations and internal quotation marks omitted). "This factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." *Wecosign, Inc.*, 845 F. Supp. 2d at 1082; *see also Warner Bros. Entertainment Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1072 (C.D. Cal. 2004) ("A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer.").

The record in this case indicates that Defendant had adequate notice of this action and was properly served with the summons and complaint. There is no evidence of good cause for Defendant's failure to appear or respond. This factor weighs in favor of default judgment.

### vi.  Policy in Favor of Deciding Cases on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The fact that Rule 55(b) has been enacted, however, indicates that "this preference, standing alone, is not dispositive." *Pepsico*, 238 F.Supp.2d at 1177 (internal citations omitted). Rule 55(a) allows a court to decide a case before the merits are heard if defendant fails to appear and defend. *See Pepsico*, 238 F.Supp.2d at 1177 ("Defendant's failure to answer plaintiffs' complaint makes a decision on the merits impractical, if not impossible"). Since Defendant failed to respond to Plaintiff's complaint, the seventh *Eitel* factor does not preclude the entry of default judgment against it.

      vii.   **Conclusion Regarding *Eitel* Factors**

All *Eitel* factors weigh in favor of Plaintiff as to his claim for copyright infringement against Defendant. The Court further finds statutory damages and injunctive relief are properly awarded to Plaintiff, as set forth below.

**C.**   **The Relief Sought in Plaintiff's Complaint**

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F. 2d 915, 917-18 (9th Cir. 1987). The plaintiff has the burden of proving damages through testimony or written affidavit. *Board of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F.Supp.2d 1222, 1226 (N.D. Cal. 2005). Federal Rule 54(c) allows only the amount prayed for in the complaint to be awarded to the plaintiff in a default. *Fong v. United States*, 300 F.2d 400, 413 (9th Cir. 1962).

Here, Plaintiff seeks (1) $21,600.00 in statutory damages; (2) injunctive relief; and (3) unspecified costs and fees. [Mot. at 24].

      i.   **Injunctive Relief**

The copyright laws of the United States vest the court with the power to grant injunctive relief. 17 U.S.C. § 502. For violations of 17 U.S.C. § 501, "any court having jurisdiction of a civil action under this title may ... grant temporary

and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." *See* 17 U.S.C. § l502(a). "The basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Lucasfilm Ltd. v. Media Market Gp., Ltd.*, 182 F.Supp.2d 897, 899 (N.D. Cal. 2002) (internal quotations omitted).

Here, Plaintiff requests an order enjoining Defendant and all those in active concert and participation with Defendant from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, or otherwise use any works derived or copied from Plaintiff's copyrighted Photograph or any other copyrighted image owned by Plaintiff. [Mot. at 23, 24]. The terms of the injunction requested in Plaintiff's motion for default judgment are the same as those prayed for in the complaint. [Compl. at 10-11].

The Court finds that a permanent injunction is appropriate here. Because Defendant has failed to respond to serious claims brought against it and has continued its infringing use of Plaintiff's work despite adequate notice, Plaintiff faces ongoing irreparable injury absent injunctive relief. Moreover, other legal remedies, such as monetary damages, are inadequate to eliminate the problem described in the complaint. Thus, Plaintiff has shown that he is entitled to injunctive relief.

### ii. Statutory Damages

Under the copyright laws of the United States, an "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a).

A plaintiff may elect to receive statutory damages for a copyright infringement claim. 17 U.S.C. § 504(c)(1). For copyright infringement, a plaintiff may elect to recover statutory damages "of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If the court

determines that the infringement was willful, however, a plaintiff may recover a maximum of $150,000 per work infringed. Id. § 504(c)(2).

In determining the amount of statutory damages to be awarded, courts should be guided by "the nature of the copyright, the circumstances of the infringement and the ... express qualification that in every case the assessment must be within the prescribed maximum or minimum." *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990).

Courts should also ensure that statutory damages awarded on default judgment bear a "plausible relationship to Plaintiff's actual damages." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1102 (N.D. Cal. 2014). "While a plaintiff in a trademark or copyright infringement suit is entitled to damages that will serve as a deterrent, it is not entitled to a windfall." *Id.* Actual damages are "often measured by the revenue that the plaintiff lost as a result of the infringement," and "a claim for lost profits may include a retroactive license fee measured by what the plaintiff would have earned by licensing the infringing use to the defendant." *Michael Grecco Prods., Inc. v. 8 Decimal Cap. Mgmt., LLC*, No. 20-07466, 2021 WL 2531093 at *8 (N.D. Cal. June 21, 2021) (internal citations omitted).

To provide a sufficient penalty and adequate deterrence, courts often use a multiple of a licensing fee in calculating statutory damages. *Id*. (collecting cases). "Courts have consistently held that a statutory damages award three times the amount that the plaintiff would have received in licensing fees is appropriate under [17 U.S.C. § 504(c)]." *Broad. Music, Inc. v. Paden*, No. 11-02199, 2011 WL 6217414 at *5 (N.D. Cal. Dec. 14, 2011) (collecting cases).

Here, Plaintiff seeks statutory damages of $21,600. He contends that, based on his ordinary licensing rates for online publication of his photographs, he would have licensed the Photo to Defendant for a fee of about $1,800 per year for each of the three years the Photo remained on Defendant's website.

[Mot. at 17].  He further argues that this total ($1,800 x 3, or $7,200) should be tripled to calculate appropriate statutory damages.

The Court finds that this amount bears a plausible relationship to Plaintiff's actual damages, because it is a reasonable multiple of his ordinary licensing fee.  The Court also believes that this amount will deter potential future infringement by similarly situated actors by increasing the cost of copyright infringement but is not so exorbitant as to provide a "windfall" to Plaintiff.

## IV.  CONCLUSION

Plaintiff's motion for default judgment is **GRANTED**.  Plaintiff is **DIRECTED** to file a proposed final judgment consistent with this order on or before **Friday, February 6, 2024**.  The Court further **ORDERS** that, should Plaintiff wish to file an application for award of costs and/or motion for attorney's fees, such materials must also be submitted on or before **Friday, February 6, 2024**.

This matter will **REMAIN OPEN** until such time as the Court issues a separate order entering final judgment.

**IT IS SO ORDERED.**

Dated: January 22, 2024

SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE